THE CONTINENTAL COMPRESSED AIR COMPANY

v.

CLAUDE S. FRANKLYN.

[Submitted April 15th, 1907.   Decided April 17th, 1907.]

1. A garnishee by a statutory plea denying indebtedness to the defendant in attachment being entitled to raise the question at law whether the defendant in attachment could lawfully exercise an option in a contract to declare the contract void, and thus discharge the garnishee's obligation to make payment under the contract, the garnishee was not entitled to maintain a bill to enjoin the proceedings at law in order to obtain a determination of such question in equity.

2. The remedial powers of a court of equity to enforce by injunction equitable rights which cannot be enforced at law may be exercised after, as well as before, judgment at law.

On bill for injunction to restrain action at law.

Defendant issued an attachment against the Taylor Hydraulic Air Compressed Company, limited, and served notice of garnishment on complainant. The defendant in attachment appeared, and at trial judgment was rendered against it for the amount of the debt for which the attachment was issued. Action by *scire facias* is now pending by defendant against complainant for the recovery of an indebtedness alleged to have been due from complainant to the defendant in attachment at the time of the garnishment. The bill now filed by complainant seeks to restrain the pending action. The demand for equitable relief is based upon the claim that the statutory plea which complainant is required to file in the pending action at law is insufficient to fully protect its rights. The bill alleges that the supposed debt which was garnished was money then due from complainant to the defendant in attachment under a certain written contract, in which contract the right was given to the defendant in attachment to exercise the option, in the event of a default of payment,

to declare the contract void and return certain moneys already paid, and that such option was exercised by the defendant in attachment after the attachment was issued and the garnishment made.

*Mr. John Meirs,* for the complainant.

*Mr. Harvey F. Carr,* for the defendant.

LEAMING, V. C.

I am unable to recognize equitable jurisdiction in this cause. Where a court of law can do as full justice to the parties and to the matter in dispute as can be done in equity, this court will not stay the proceedings at law. The suggestion of equitable jurisdiction in this cause is based upon the claim that the statutory plea of complainant as garnishee, to the effect that it is not indebted to the defendant in attachment, is inadequate to enable complainant to disclose and avail itself of the conditions stated in the bill. It seems manifest that there can be no foundation for that claim. That statutory plea is treated by the courts as substantially a general issue and as sufficient to enable the court to fully determine the rights of the parties. *Welsh* v. *Blackwell, 14 N. J. Law (3 Gr.) 55, 56.* With that breadth given to the statutory issue at law, it necessarily follows that, in determining whether the defendant in attachment could lawfully exercise the option to declare the contract void and thus discharge complainant's obligation as garnishee to make the payments named in the contract, the law court will be controlled by the same principles which would control this court in the determination of the same question.

While I am entirely clear that complainant has no rights which may not be fully protected in the pending action at law, it may not be inappropriate to add that should it transpire that equitable rights do exist which the law courts are unable to enforce by reason of limitations incident to their procedure or rules of action, the remedial powers of this court may be extended to such conditions as well after as before judgment.

The injunction now sought will be denied.